UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-81294-CIV-COHN-SELTZER

MARSEILLES CAPITAL, LLC,

    Plaintiff,

v.

GEROVA FINANCIAL GROUP, LTD.,
a Cayman Islands corporation,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF MARSEILLES CAPITAL LLC'S MOTION FOR FINAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff Marseilles Capital LLC's ("Marseilles's") Motion for Final Summary Judgment [DE 23] ("Motion"). The Court has considered the Motion, Defendant Gerova Financial Group, Ltd.'s ("Gerova's") Response [DE 30], Plaintiff's Reply [DE 34], the parties' related submissions, the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On April 8, 2010, the parties entered into a Share Repurchase Agreement, Exhibit A to Mot. [DE 23-1] ("Agreement"). On April 12, 2010, Gerova filed the Agreement with the Security Exchange Commission. See Form 6-K, Exhibit B to Mot. [DE 23-2] ("Form 6-K"). The Agreement provided that Gerova would repurchase and redeem 5,333,333 ordinary shares of capital stock in Gerova that Marseilles previously purchased. See Agmt; Form 6-K. Pursuant to the Agreement, Marseilles was required to deliver to Gerova "a stock power signed in blank under which the Redemption

Shares have been duly endorsed for transfer to [Gerova]." Agmt. at 1 ¶ 1(a). The Agreement then provided that Gerova would pay "an aggregate amount of Nine Hundred Thousand Dollars ($900,000) to Marseilles by wire transfer of immediately available funds in accordance with the wire transfer instructions already on file with [Gerova], such amount to be paid in twelve (12) equal monthly installments of $75,000 commencing on [April 8, 2010]." Agmt. at 1 ¶ 1.

According to Marseilles, Gerova paid the first seven (7) monthly installment payments of $75,000 each, for a total of $525,000, but Gerova has not paid any remaining monthly installments. Manley Aff. ¶ 3. Therefore, Marseilles filed this action on November 3, 2010, alleging one count of breach of contract against Gerova. Complaint [DE 1].

On March 14, 2011, Marseilles filed its Motion for Summary Judgment, requesting that the Court grant Marseilles final summary judgment for breach of contract and damages in the amount of $375,000. Mot. at 5. Gerova responds that summary judgment is not appropriate at this time because there is a genuine dispute as to a material fact. Resp. at 6. Specifically, Gerova contends that Marseilles has not proven that it fulfilled its contractual obligation to deliver a "stock power." Id. As discussed below, the Court finds that the undisputed evidence establishes that Marseilles fulfilled its obligation to deliver the stock power, and Gerova owes Marseilles the remaining $375,000. Therefore, the Court will enter summary judgment in Marseilles's favor on the breach of contract claim.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), the Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must show that "there is an absence of evidence to support the non-moving party's case." Id. at 325.

After the movant has met its burden, the burden of production shifts to the non-moving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

## III. ANALYSIS

Under Florida law, a breach of contract requires "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." Textron Fin. Corp. v. Lentine Marine, Inc., 630 F. Supp. 2d 1352, 1356 (S.D. Fla. 2009) (citing Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006)). The parties do not dispute that they entered into the Agreement or that the Agreement constituted a valid contract. See Resp. at 3; Agmt.; Defendant's Answer and Affirmative Defenses [DE 15] ¶ 6. Gerova's Response also does not dispute Marseilles's contention that the damages from the alleged breach amount to $375,000. See Resp. Rather, the dispute centers on the second element: whether Gerova breached the Agreement.

Per the terms of the Agreement, Marseilles promised to deliver Gerova "a stock power signed in blank under which the Redemption Shares have been duly endorsed for transfer to [Gerova]." Agmt. at 1 ¶ 1(a). In return, Gerova promised to pay "an aggregate amount of Nine Hundred Thousand Dollars ($900,000)." Agmt. at 1 ¶ 1. Marseilles contends that it delivered the stock power on April 8, 2010. Mot. at 2. In support of this assertion, Marseilles submits the Affidavit of Marshall Manley [DE 23-3] ("Manley Affidavit"), Marseilles's managing member and sole shareholder. Mr. Manley declares, "On April 8, 2010, Marseilles delivered a stock power signed in blank under which the shares were endorsed for transfer to Gerova." Manley Aff. ¶ 3.[1]

Gerova responds that there is insufficient evidence showing that the stock power

---

[1] On April 5, 2011, in its Response, Gerova notes that it "would like to depose Mr. Manley on this matter to test the veracity of this affidavit." Resp. at 6. However, the discovery period ended 24 days later, on April 29, 2011, see Scheduling Order [DE 21] at 1, and Gerova never requested to depose Mr. Manley, see Reply at 2.

4

was actually delivered. Resp. at 5-6. Gerova argues, "In light of the fact that [Marseilles] provides documentary proof for every other material fact in this case, it is odd that no such documentary proof supports [the statement that the stock power was delivered]." Resp. at 5. Marseilles answers this concern by submitting the Supplemental Affidavit of Marshall Manley [DE 38-1] ("Manley Supplemental Affidavit"), along with documentary proof in the form of emails and attachments confirming the stock power delivery. See Exhibit 1 to Manley Supp. Aff. [DE 38-1 at 5-13] ("Raees Email"); Exhibit 2 to Manley Supp. Aff. [DE 38-1 at 14-15] ("Zimkind Email"). In his Supplemental Affidavit, Mr. Manley states, "I delivered the stock power for 5,333,333 shares of ordinary stock to Gerova on April 8, 2010, but do not have a copy of the stock power." Manley Supp. Aff. ¶ 4. The emails and attachments explain why Mr. Manley does not have a copy of the stock power. See Raees Email; Zimkind Email.

Specifically, on April 13, 2011, and again on April 19, 2011, Mr. Manley emailed two individuals at Gerova's stock transfer agent, Continental Stock Transfer and Trust Company ("Continental"), requesting written confirmation that the 5,333,333 shares were canceled. See Raees Email at 6; Zimkind Email at 15; Manley Supp. Aff. ¶¶ 6-7, 9. Karimah Raees at Continental responded by email on April 19, 2011, attaching three documents: (1) a June 1, 2010 letter from Gerova's President, Gary Hirst, directing Continental to cancel Marseilles's shares and stating that the original share certificate would be canceled, Raees Email at 6, 7; (2) a copy of the certificate, id. at 6, 11; and (3) Gerova's daily transfer journal from June 7, 2010, id. at 6, 13. The daily transfer journal shows that Marseilles's debits for the day were 5,333,333, and Marseilles's closing balance was 0. Id. at 6, 13. Mark Zimkind at Continental also responded by

5

email on April 19, 2011, confirming, "Yes, those shares were cancelled on 6/7/2010." Zimkind Email at 15; Manley Supp. Aff. ¶ 10.  When Mr. Manley asked, "Is there any type of business record that you could send to me that shows the cancellation?," Zimkind Email at 15; Manley Supp. Aff. ¶ 11, Mr. Zimkind responded, "This email is the only confirmation we will send," Zimkind Email at 15; Manely Supp. Aff. ¶ 12.

This series of emails with Ms. Raees and Mr. Zimkind, along with the letter from Mr. Hirst and the daily transfer journal, demonstrate that the 5,333,333 shares were delivered and canceled.  Accordingly, Marseilles has met its burden under Rule 56(a) to show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp., 477 U.S. at 323.  The burden of production therefore shifts to Gerova. See Fed. R. Civ. P. 56; Matsushita, 475 U.S. at 586.

As Gerova asserts that a fact is genuinely in dispute, Rule 56(c) requires that Gerova "support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited to do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).  Gerova's only evidence in support of its position that the Marseilles has not shown that it delivered the stock power is the Affidavit of Michael Hlavsa [DE 30-4] ("Hlavsa Affidavit"), Gerova's Chief Financial Officer.  Mr. Hlavsa states that he has "no personal knowledge of the existence of a stock power signed in blank under which the Redemption Shares have been duly endorsed for transfer from Marseilles were ever received by Gerova." Hlavsa Aff. 6.  Mr. Hlavsa's lack of knowledge does not establish that the stock power was not

delivered, especially in light of the fact that Ms. Raees and Mr. Zimkind at Continental demonstrated knowledge that the shares had been delivered. See Raees Email; Zimkind Email. Further, when asked at his deposition why he had not recommended disbursement to Mr. Manley or Marseilles under the Agreement, Mr. Hlavsa did not suggest that Marseilles failed to deliver the stock power, but rather responded, "The company does not have the capital resources to make those disbursements." Hlavsa Deposition [DE 34-1] at 8:11-12. Mr. Hlavsa also agreed that "it is the intent of Gerova Financial to meet the obligations, both to Mr. Manley and to Marseilles Capital." See id. at 12:19-23. Based on Gerova's Response and the Hlavsa Affidavit, Gerova has not met its Rule 56(c) burden. Accordingly, the Court considers the fact that Marseilles delivered the stock power to be undisputed for the purposes of this Motion. See Fed. R. Civ. P. 56(e)(2).

Therefore, the undisputed evidence demonstrates that this case meets all of the elements required for a breach of contract claim: (1) the parties entered into a contract, the Agreement; (2) Gerova breached the Agreement because it did not pay the amount due after Marseilles delivered the stock power; and (3) Marseilles has suffered damages in the amount of $375,000, because the Agreement obligates Gerova to pay $900,000, Agmt. at 1 ¶ 1, and Gerova has only paid $525,000, Manley Aff. ¶ 3. See Textron, 630 F. Supp. 2d at 1356 (stating elements for breach of contract claim). The Court will therefore grant summary judgment in Marseilles's favor and award Marseilles the remaining balance due under the Agreement. See Fed. R. Civ. P. 56.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Marseilles Capital LLC's Motion for Final Summary Judgment [DE 23] is **GRANTED**. The Court will enter a separate final judgment order consistent with the above ruling.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 12TH day of May, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF