UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-81294-CIV-COHN-SELTZER

MARSEILLES CAPITAL, LLC,

      Plaintiff,

v.

GEROVA FINANCIAL GROUP, LTD.,
a Cayman Islands corporation,

      Defendant.
_____/

### ORDER GRANTING REQUEST FOR ATTORNEY'S FEES

**THIS CAUSE** is before the Court on Garnishee Brevet Capital Management, LLC's ("Brevet's") request for attorney's fees [DE 82]. The Court has considered the request, Plaintiff's Reply [DE 92], and the record in this case, and is otherwise advised in the premises.

On May 12, 2011, the Court granted Plaintiff's Motion for Final Summary Judgment [DE 48] and entered Final Judgment in favor of Plaintiff [DE 49]. On June 28, 2011, Plaintiff filed a Motion to Issue Writ of Garnishment [DE 76] and Writ of Garnishment [DE 77] against Brevet.

On July 18, 2011, Brevet filed its Answer to Writ of Garnishment [DE 82], stating that it "was not indebted to defendant [Gerova] for any sum of money," DE 82 ¶ 1, it "has no other goods, money effects, or other tangible or intangible property of Debtor in its possession or control," id. ¶ 2, and it "otherwise denies possessing any garnishable property of Debtor," id. ¶ 3. Brevet further states that it "knows of no person who may be indebted to or who has possession or control of any tangible or intangible personal property of Debtor." Id. ¶ 4. Additionally, in its Answer, Brevet requests that the Court

"direct the clerk to disburse the $100 to Garnishee deposited pursuant to § 77.28, *Florida Statutes*, to enter judgment for all additional costs and attorneys' fees incurred by Garnishee against the party liable, for the dissolution of the writ of garnishment, and for all such other and further relief this Honorable Court deems just and proper." Id. at 2.

In Plaintiff's Reply, Plaintiff notes that Gerova "has failed to cooperate with any discovery in aid of execution in this matter . . . [Plaintiff] lacks information to admit or deny the allegations contained in Brevet's Answer . . . and therefore must deny each and every allegation contained therein, upon information and belief." DE 92 ¶ 1. Thus, Plaintiff objets to the entry of a judgment for additional costs and attorney's fees.

Pursuant to Florida Statutes § 77.28, the $100 Plaintiff deposited in the registry of the Court "shall be paid to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney's fee which the garnishee expends . . . in obtaining representation in response to the writ." Fla. Stat. § 77.28. Consequently, Brevet is entitled to payment of the $100 deposited with the registry of the Court.

Second 77.28 also provides as follows:

> On rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney's fee, and in the event of a judgment in favor of the plaintiff, the amount shall be subject to offset by the garnishee against the defendant whose property or debt owing is being garnished. In addition, the court shall tax the garnishee's costs and expenses as costs. Plaintiff may recover in this manner the sum advanced by plaintiff and paid into registry of court, and if the amount allowed by the court is greater than the amount of the deposit, together with any offset, judgment for the garnishee shall be entered against the party against whom the costs are taxed for the deficiency.

Fla. Stat. § 77.28.   Other than Plaintiff's lack of knowledge, Plaintiff has provided no

2

reason for the Court to deny Brevet's request to grant additional attorney's fees and costs or to dissolve the writ. In its Reply, Plaintiff noted that it had filed a Motion to Compel [DE 81] regarding discovery in aid of execution, but Judge Seltzer has since denied that motion [DE 107], noting "Plaintiff, of course, is free to re-notice the deposition of Gerova's corporate representative." DE 107 at 4. To date, there is still no indication on the record that Gerova's corporate representative's deposition has taken place or that Plaintiff has re-noticed this deposition. Therefore, despite Plaintiff's objection, it is hereby

**ORDERED AND ADJUDGED** that Garnishee Brevet Capital Management, LLC's request for attorney's fees [DE 82] is **GRANTED**. The Clerk of Court is **DIRECTED** to disburse $100 from the registry of the Court to Brevet Capital Management, LLC, payable to Quarles & Brady LLP. It is further

**ORDERED AND ADJUDGED** that the Writ of Garnishment against Garnishee Brevet Capital Management, LLC's [DE 77] is **DISSOLVED**, and Garnishee Bank of America, N.A. is **DISCHARGED** from further liability under the Writ. It is further

**ORDERED AND ADJUDGED** that to the extent Brevet seeks additional attorneys fees and costs, Brevet may file a motion and proposed order for such fees and costs in accordance with the Federal Rules and Local Rules.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of September, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF