UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-81294-CIV-COHN-SELTZER

MARSEILLES CAPITAL, LLC,

    Plaintiff,

v.

GEROVA FINANCIAL GROUP, LTD.,
a Cayman Islands corporation,

    Defendant.
_____/

## ORDER GRANTING DEMAND FOR ATTORNEY'S FEES AND DISSOLVING WRIT OF GARNISHMENT

**THIS CAUSE** is before the Court on Garnishee Vensure Employer Services, Inc.'s ("Vensure's") Amended Answer to Writ of Garnishment and Demand for Attorney's Fees [DE 108] and Unopposed Motion to Dissolve Writ of Garnishment [DE 114]. The Court has considered the filings, Plaintiff Marseilles Capital, LLC's Reply to Amended Answer to Writ of Garnishment [DE 111], and the record in this case, and is otherwise advised in the premises.

On May 12, 2011, the Court granted Plaintiff's Motion for Final Summary Judgment [DE 48] and entered Final Judgment in favor of Plaintiff [DE 49]. On June 24, 2011, Plaintiff filed a Motion to Issue Writ of Garnishment [DE 71] and Writ of Garnishment [DE 72] against Vensure.

On September 15, 2011, Vensure filed its Amended Answer to Writ of Garnishment and Demand for Attorney's Fees, stating, "Garnishee was not indebted to and has not had any goods, monies, chattels or effects of Defendant(s) . . ." DE 108 at 1 ¶ 1. Vensure further states that it "does not know of any other person indebted to

Defendant, or who may have any of the property of Defendant in his or her possession or control." Id.  Additionally, Vensure demands the statutory partial deposit from the Clerk of Court as compensation to be applied to its reasonable attorney's fees.  Id. at 1.

In its Reply, Plaintiff notes that Defendant Gerova Financial Group, Ltd. "has failed to cooperate with any discovery in aid of execution in this matter."  DE 111 at 1 ¶ 1.  Plaintiff says that it therefore "lacks information to admit or deny the allegations contained in Vensure's Amended Answer to Writ of Garnishment. . . and therefore must deny each and every allegation contained therein, upon information and belief."  Id.  Plaintiff represents that "efforts are underway to re-notice the deposition of the Corporate Representative of the defendant," id., but to date, there is still no indication on the record that Gerova's corporate representative's deposition has taken place or that Plaintiff has re-noticed this deposition.

Pursuant to Florida Statutes § 77.28, the $100 that Plaintiff deposited in the registry of the Court "shall be paid to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney's fee which the garnishee expends . . . in obtaining representation in response to the writ."  Fla. Stat. § 77.28.  Consequently, Vensure is entitled to payment of the $100 deposited with the registry of the Court.

Additionally, Vensure requests that the Court dissolve the Writ of Garnishment.  Plaintiff does not object to this request.  Therefore, the Writ of Garnishment will be dissolved.  It is thereupon

**ORDERED AND ADJUDGED** that Garnishee Vensure Employer Services, Inc.'s Demand for Attorney's Fees [DE 108] is **GRANTED**.  The Clerk of Court is **DIRECTED**

to disburse $100 from the registry of the Court to Vensure Employer Services, Inc., payable to Berger Singerman, P.A.  It is further

**ORDERED AND ADJUDGED** that Vensure's Unopposed Motion to Dissolve Writ of Garnishment [DE 114] is **GRANTED**.  The Writ of Garnishment against Garnishee Vensure Employer Services, Inc. is **DISSOLVED**, and Garnishee Vensure Employer Services, Inc. is **DISCHARGED** from further liability under the Writ.  It is further

**ORDERED AND ADJUDGED** that the demand for attorney's fees contained in Garnishee Vensure Employer Services, Inc.'s Answer to Writ of Garnishment [DE 106] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 4th day of October, 2011.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF